[No. 4659.    Decided November 10, 1903.]

AUSTIN CORBIN, 2ND, et al., Appellants, v. THOMAS McDERMOTT et al., Respondents.[1]

APPEAL—REVIEW—OBJECTION TO REPORT OF COMMISSIONERS—WAIVER.  A motion to set aside a commissioners' report, upon the ground that the same is not in due form or according to law, not called up or disposed of below, is waived by going to trial on the merits, and will not be considered on appeal.

SAME—CONFIRMATION OF COMMISSIONERS' SURVEY—EVIDENCE NOT BROUGHT UP.  The confirmation of the report of commissioners appointed to survey a disputed boundary line, after a hearing upon oral and written evidence, will not be reviewed on appeal where the evidence is not brought up.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered November 24, 1902, upon findings in favor of the defendants, confirming the report of commissioners establishing a boundary line, after a trial on the merits before the court without a jury.    Affirmed.

1Reported in 74 Pac. 361.

*W. S. Gilbert,* for appellants.

*Myers & Warren,* for respondents.

PER CURIAM.—This action was begun originally by appellants Corbin and Peyton to obtain a permanent injunction restraining respondents from trespassing upon certain lands described in the complaint. The appellant Minard was afterwards made a party plaintiff by stipulation. In the course of the proceedings, a dispute arose as to the true boundary line between the land of the appellants and that owned by the respondent McDermott, whereupon the respective parties entered into a stipulation agreeing, among other things, that the trial court should appoint three disinterested persons as commissioners to survey, establish, and properly mark the true boundary line between such lands. Upon the filing of this stipulation the court appointed three commissioners, directing them to make a survey of the boundaries in question, and to file a report, a plat of their survey, and field notes of the same. The commissioners made and brought into court a report of their doings, to which the appellants filed written exceptions, and moved the court to set the report aside upon the ground, among others, that the same was not in due form or according to law. This motion was never called up or disposed of. Afterwards the cause went to trial upon the merits, and resulted in a finding and decree of the court fixing the boundary line in accordance with the report of the commissioners.

On this appeal the appellant assigned as error: (1) That the court erred in refusing to set aside the report of the commissioners because not in due form or according to law; and (2) the court erred in confirming the report of the commissioners. We are of the opinion, however, that these assignments are not now open to the appellants.

Objections which go to form, and not to the merits of a controversy, must be called up and passed upon prior to the time the merits are tried, if they are to avail the party objecting.    A party cannot play fast and loose with the court.    He cannot reserve his objections to the form of the proceeding until he obtains the court's opinion upon the merits of the controversy, and then urge the objections if that opinion be adverse to him, or waive them if the opinion be in his favor.    Failing to insist upon objections of this character before going to trial on the merits amounts to a waiver of the objections, and when such objections are once waived they cannot be revived at the mere will of the party making them.

The second objection is equally untenable.    The court affirmed the report after a hearing at which both oral and written evidence was introduced.    This evidence is not before us.    Whether, therefore, the court erred in its ruling cannot, for that reason, be considered here.

The judgment is affirmed.